KENNETH MARVIN BELDON,
*Petitioner,*

*v.*

BOARD OF PAROLE,
*Respondent.*

(CA A43272)

743 P2d 776

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for petitioner.

David L. Kramer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Scott McAlister, Assistant Attorney General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

PER CURIAM

## PER CURIAM

This is a direct appeal under ORS 144.335 from a final order of the Board of Parole relating to the setting of petitioner's parole date. We find no error. We write for the limited purpose of addressing petitioner's contention that all five board members should have considered his case when, in fact, "only two board members of the board sat." ORS 144.035(2) specifically authorizes the procedure here. Although a board rule provides that some types of cases must be heard by the full board, this case is not one of them. *See* OAR 255-30-015(1).[1]

Affirmed.

---

[1] OAR 255-30-015(1) provides:

"(1) Except as provided in this rule, all prison term hearings shall be heard by a panel of two voting members of the Board.

"(2) The following cases shall be decided by the full Board (i.e., all five voting members) according to the procedures in rule 255-30-020:

"(a) Any cases involving a prisoner sentenced to life imprisonment; convicted of a crime involving the death of a victim, whether or not the prosecution directly charged the prisoner with causing the death of the victim; sentenced under ORS 161.725 and 161.735 as a dangerous offender;

"(b) Whenever a panel recommends a decision to exceed the allowable variation from the matrix permitted to the panel or deny parole;

"(c) Whenever a minimum sentence imposed by a judge pursuant to ORS 144.110 exceeds the applicable matrix guideline range in *Exhibit C* plus the maximum variation from the range shown in *Exhibit D;*

"(d) Whenever a panel recommends a decision below a judicially set minimum sentence;

"(e) Whenever an extension of a prison term due to institutional misconduct for more than one (1) year is recommended."